

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Criminal Action No.: 4:17cr47

BRIAN GALE,

        Defendant.

## *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Defendant Brian Gale's ("Defendant's") Motion to Dismiss Count 1, Doc. 15, and Defendant's Motion to Dismiss Count 2, Doc. 14. The United States of America (the "Government") opposes both Motions to Dismiss. See Docs. 19, 20. For the reasons stated herein, the Court **DENIES** both Motions to Dismiss.

### I.    BACKGROUND

On May 10, 2017, a grand jury indicted Defendant on two (2) Counts: (1) interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (hereinafter "Hobbs Act robbery," as it is commonly known); and (2) discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (hereinafter "§ 924(c)"). Doc. 1. Both charges relate to the Defendant's alleged actions at Ricco's Pizza, located at 55 West Mercury Boulevard in Hampton, Virginia. See id.

Defendant filed the instant Motions to Dismiss both Counts of the indictment on June 12, 2017. Docs. 14, 15. The Government responded in opposition on June 29, 2017. Docs. 19, 20. Defendant did not reply.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." One motion that a defendant may make before trial is a motion to dismiss an indictment or counts in an indictment alleging "a defect in the indictment or information." Fed. R. Crim. P. 12(b)(3). A court should only grant a motion to dismiss if a defendant "demonstrate[s] that the allegations, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004) (citing United States v. Hooker, 841 F. 2d 1225, 1227–28 (4th Cir. 1988) (en banc)).

## III. ANALYSIS

### A. Motion to Dismiss Count One

Defendant seeks dismissal of Count One of the indictment, which charges him with Hobbs Act robbery, because he argues that the statute violates the Tenth Amendment to the U.S. Constitution both facially and as applied to him. Doc. 15 at 1.

The Tenth Amendment states that "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people." U.S. Const. amend. X. A court must consider two issues to determine whether a statute violates the Tenth Amendment: "First, whether the regulation it embodies is within Congress' power as being within those enumerated in the Constitution[;] [s]econd, whether, even if so, the means of regulation employed yet impermissibly infringe upon state sovereignty." United States v. Bostic, 168 F.3d 718, 723 (4th Cir. 1999) (quoting United States v. Johnson, 114 F.3d 476, 480 (4th Cir. 1997) (citing New York v. United States, 505 U.S. 144 (1992))).

*i.     Facial Challenge*

On the first inquiry of the Tenth Amendment test, Defendant argues that the Hobbs Act impermissibly grants the federal government a general police power. Doc. 15 at 2. He observes that Congress cannot punish a criminal act wholly within a state unless the offense has some relation to an enumerated power of Congress. Id. (citing Bond v. United States, 134 S. Ct. 2077, 2086 (2014) (quoting United States v. Fox, 95 U.S. 670, 672 (1878))). He concedes that the Fourth Circuit finds that Hobbs Act robbery satisfies the Commerce Clause of the U.S. Constitution "where the instant offense has a 'minimal effect' on interstate commerce." Id. at 3–4 (citing United States v. Tillery, 702 F.3d 170, 174 (4th Cir. 2012)). To counter that authority, he insists that most cases do not adequately consider the conflict between the "federalism and individual liberty interests protect by the Tenth Amendment" and the expansive reading of the Commerce Clause. Id. at 4. He also argues that Hobbs Act robbery exceeds even the current expansive understanding of the Commerce Clause because it criminalizes conspiracy and attempt, which have no tangible or calculable impact in interstate commerce. Id. at 3–4.

On the second inquiry of the Tenth Amendment test, Defendant argues that the Hobbs Act "undermines the States' ability to regulate and punish criminal conduct." Id. at 2–3. He insists that it impermissibly allows the federal government to assume the states' power to police violence crime. Id. at 3.

The Government responds to the first inquiry by citing several examples of the extensive jurisprudence supporting use of the Hobbs Act as a valid exercise of the Commerce Clause. Doc. 19 at 6 (citing United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003), among others). It argues that because valid uses of the Hobbs Act exist, the statute cannot be facially unconstitutional. Id. at 7, 9.

3

The Government responds to the second inquiry by arguing that a federal criminal statute within the limits of the Commerce Clause does not interfere with state powers. Id. at 10 (citing United States v. Mussari, 95 F.3d 787, 791 (9th Cir. 1996); Cleveland v. United States, 329 U.S. 14, 19 (1946)). It observes that several circuits have found that the Hobbs Act does not violate the Tenth Amendment. Id. (collecting cases). It also insists that the Hobbs Act supplements state law rather than displacing the state's ability to create and enforce criminal law. Id. at 10–11.

Facial challenges are disfavored. Wa. State Grange v. Wa. State Republican Party, 552 U.S. 442, 450 (2008). A facial challenge "to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Solerno, 481 U.S. 739, 745 (1987). The reticence to hear and decide facial challenges flows logically from the "fundamental principle of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'" Wa. State Grange, 552 U.S. at 450 (citing Ashwander v. TVA, 297 U.S. 288, 346–47 (1936)).

Furthermore, as both Parties acknowledge, the Fourth Circuit has an unpublished case directly on point to this Motion. Doc. 15 at 3; Doc. 19 at 10. In United States v. Simpson, the Court found that charges of Hobbs Act robbery satisfy the Commerce Clause where there is a minimal effect on interstate commerce and that Hobbs Act robbery charges that satisfy the Commerce Clause do not violate the Tenth Amendment. 659 F. App'x 158, 161 (4th Cir. 2016) (unpublished). The robberies at issue in Simpson involved taking small amounts of cash from delivery drivers. See id. The Court found that because the affected businesses engaged in

interstate commerce, the robberies were properly within Congress's power under the Commerce Clause even if the robberies themselves did not affect interstate commerce. See id. The Court also distinguished the Bond case (cited by Defendant in this case as well) by finding that Congress can intrude on state criminal law within its enumerated powers if it expresses a clear intent to intrude, as it has done in the Hobbs Act. See id.

Here, Defendant has failed to prove that "no set of circumstances exists" under which the Hobbs Act would be valid. See Solerno, 481 U.S. at 745. Simpson is persuasive in its holding that the robbery itself need not affect interstate commerce and that Hobbs Act robbery that satisfies the Commerce Clause also satisfies the Tenth Amendment. Thus, the Court **FINDS** that the Hobbs Act on its face does not violate the Tenth Amendment because it is a proper exercise of Congress's power under the Commerce Clause and because at least some, if not all, of its uses do not impermissibly infringe upon state sovereignty.

### ii. *As-Applied Challenge*

Defendant's central argument in the as-applied challenge is that the robbery of a wholly intrastate pizza restaurant cannot violate interstate commerce. See Doc. 15 at 3. The Government contends that the challenge "'is really to [existing] jurisprudence holding that only a de minimis effect on interstate commerce must be demonstrated to convict a defendant of a Hobbs Act violation.'" Doc. 19 at 7 (quoting United States v. Morris, 247 F.3d 1080, 1087 (10th Cir. 2001)). It also rejects Defendant's focus on an individual pizza restaurant as the basis for an enumerated powers test, noting that the Commerce Clause only requires that the regulated activities "in the aggregate" affect interstate commerce. Id. at 6 (quoting Taylor v. United States, 136 S. Ct. 2074, 2079 (2016)).

The argument that this case violates the Tenth Amendment is simply another way of arguing that modern Commerce Clause jurisprudence has impermissibly expanded the enumerated powers of Congress. No court could find a violation of the Tenth Amendment on these facts without attempting to rewrite decades of Commerce Clause jurisprudence. The de minimis standard is a low bar to bring a statute within Congress's power, and Congress undoubtedly has some ability to write federal criminal laws without infringing on the power of the states. Therefore, the Court **FINDS** that, under the de minimis standard of existing Commerce Clause jurisprudence, the application of the Hobbs Act to Defendant does not violate the Tenth Amendment.

Accordingly, Defendant's Motion to Dismiss Count I is **DENIED**.

### B. Motion to Dismiss Count Two

Defendant also seeks dismissal of Count Two of the indictment, which charges him with a violation of § 924(c), because he argues that Hobbs Act robbery does not qualify as a crime of violence for this Count. Doc. 14 at 1. Section 924(c) requires the predicate finding that Defendant committed a crime of violence. See 18 U.S.C. § 924(c). The term "crime of violence" has two possible definitions:

> for purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). The first clause is the force clause, and the second clause is the residual clause. Defendant argues that Hobbs Act robbery does not satisfy the force clause and that the residual

6

clause is unconstitutionally vague in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

Both Parties agree that the categorical approach applies to this analysis.[1] See Doc. 14 at 5, 13 n. 7; Doc. 20 at 3. In the categorical approach, the Court considers whether an offense is a crime of violence by considering only the elements of the offense, not the actual facts of the case before it. See United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016).

*i.   Does Hobbs Act Robbery Satisfy the Force Clause?*

As a preliminary observation, this Court has previously found that Hobbs Act robbery satisfies the force clause. See United States v. Hunter, No. 2:12cr124, ECF No. 105 (E.D. Va. Oct. 23, 2015); see also Doc. 14 at 1 n. 1 (acknowledging the prior opinion); Doc. 20 at 4 (same). Thus, Defendant seeks to convince this Court to change its position on the issue.

Defendant contends that Hobbs Act robbery is not a crime of violence under the force clause for four reasons. See Doc. 14 at 5–10. First, he argues that a threat of injury to a person, which would satisfy the elements of Hobbs Act robbery, does not involve physical force because it can be satisfied with threats of poison, confinement without food, or other harmful acts that do not require the "violent force" necessary to meet the force standard of § 924(c). Id. at 6–7 (citing

---

[1] It appears that the Fourth Circuit has an internal dispute on whether the categorical approach is proper to § 924(c) at all, let alone a pretrial Motion on § 924(c). See In re Irby, 858 F.3d 231, 234 (4th Cir. 2017) (criticizing use of the categorical approach on § 924(c) before applying it as compelled by prior panels); see also United States v. Doctor, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring). Several Courts in this District have also discussed why the categorical approach is inappropriate to pretrial Motions concerning § 924(c). See United States v. McDaniels, 147 F. Supp. 3d 427, 432 (E.D. Va. 2015); United States v. Standberry, 139 F. Supp. 3d 734, 736 (E.D. Va. 2015); see also United States v. Jimenez-Segura, 206 F. Supp. 3d 1115, 1131 (E.D. Va. 2016) (expressing similar reservations about applying the categorical approach to § 924(c) after a guilty plea). The purpose of the categorical approach is to protect defendants against a later court re-trying the facts of prior convictions. McDaniels, 147 F. Supp. 3d at 432. Such protection is unnecessary in a pre-trial motion because the court will submit the facts to a properly instructed jury after the motion. See id. Furthermore, such protection could create absurd results in any motion concerning § 924(c) because that statute always involves a predicate crime and a firearm, and the likelihood of a crime being nonviolent severely diminishes when it also involves a firearm. See Irby, 858 F.3d at 234. Nevertheless, as the panel in Irby acknowledges, this Court is bound to apply the categorical approach to § 924(c).

7

United States v. Torres-Miguel, 701 F.3d 165, 168 (4th Cir. 2012)). Second, he argues that a threat of injury to property, which would satisfy the elements of Hobbs Act robbery, does not involve physical force because it can involve threats to intangible holdings. Id. at 7–8 (collecting cases). Third, he argues that putting someone in fear of injury, which would satisfy the elements of Hobbs Act robbery, does not satisfy the intentional mens rea required under the force clause. Id. at 8–9 (citing Garcia v. Gonzales, 455 F.3d 465, 468 (4th Cir. 2006) for the mens rea). Finally, he argues that a slight degree of force would satisfy the elements of Hobbs Act robbery, and accordingly, that the statute does not fulfill the violent force requirement of § 924(c), just as North Carolina common law robbery and Virginia common law robbery do not satisfy the violent force requirement of 18 U.S.C. § 924(e) (hereinafter "§ 924(e)"). Id. at 9–10 (citing United States v. Gardner, 823 F.3d 793, 804 (4th Cir. 2016) and United States v. Winston, 850 F.3d 677, 685 (4th Cir. 2017)).

The Government responds that Hobbs Act robbery qualifies as a crime of violence under the force clause, noting that every appellate court to address the issue agrees with the Government's position. See Doc. 20 at 3–5. First, it observes that the distinction between direct and indirect force in Torres-Miguel is no longer valid in light of subsequent Supreme Court precedent. Id. at 5–6 (citing United States v. Reid, No. 16-4325, --- F.3d ----, 2017 WL 2782624, at *5 (4th Cir. June 28, 2017); Irby, 858 F.3d at 237–38). Second, it argues that hypotheticals about a threat of injury to property are not enough to demonstrate that Hobbs Act robbery is not a crime of violence because the categorical approach requires "a realistic probability, not a theoretical possibility," that the statute applies in circumstances beyond a crime of violence. Id. at 7–8 (citing United States v. Hill, 832 F.3d 135, 139 (2d Cir. 2016); Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)). It also argues alternatively on this issue that

8

threats of injury to property meet the force requirement of crimes of violence. See id. at 8. Third, it contends that the same "realistic probability" standard applies to the mens rea argument, observing that all actual convictions of Hobbs Act robbery involve intentional conduct and insisting that the theoretical possibility of lower mens rea is insufficient under the categorical approach to disprove that Hobbs Act robbery is a crime of violence. Id. at 8–9 (citing Doctor, 842 F.3d at 311 (applying the same standard to South Carolina robbery)). Finally, the Government asserts that the holdings in Gardner and Winston are inapplicable because they address § 924(e), not § 924(c), and because they address state statutes. Id. at 10–11. It notes that Fourth Circuit cases addressing federal robbery statutes have consistently found that their elements satisfy the force standard for a crime of violence, even while other Fourth Circuit cases find lower force requirements in some state robbery laws. Id. (discussing case law on federal bank robbery and federal carjacking).

Defendant's first argument invites this Court to follow older Fourth Circuit case law that is no longer valid. Specifically, he applies the rationale in Torres-Miguel distinguishing between direct and indirect force, but the Fourth Circuit has found that rationale overruled by a later Supreme Court case. See Reid, 2017 WL 2782624, at *5; Irby, 858 F.3d at 237–38. However, the Court declines to apply Torres-Miguel in light of more recent Fourth Circuit jurisprudence.

Defendants' remaining arguments are affected by how this Court views recent jurisprudence on the categorical approach. The Government is correct that the Supreme Court has started constraining the categorical approach in some contexts. Specifically, the Supreme Court has said twice that the categorical approach is "not an invitation to apply legal imagination" and that "there must be a realistic probability, not a theoretical possibility" that the elements would apply in any hypothetical minimum conduct. Moncrieffe v. Holder, 133 S. Ct.

1678, 1685 (2013) (quoting Duenas–Alvarez, 549 U.S. at 193) (internal quotation marks omitted). Although those cases were discussing the categorical approach in other contexts, the Second Circuit has found that those same limits apply to the categorical approach in assessing whether an offense is a crime of violence. Hill, 832 F.3d at 140.

Applying the Duenas-Alvarez limits on the categorical approach to the crime of violence analysis under § 924(c), Defendant's second, third, and fourth arguments are unavailing. Defendant's second argument about fear of injury to property cites only cases about Hobbs Act extortion, not Hobbs Act robbery. See Doc. 14 at 7–8. His third argument about mens rea is even further deficient, as it cites no example cases at all. See id. at 8–9. The Fourth Circuit also disfavors the accidental robbery hypothetical, requiring more than creative theories to prove that a robbery statute's general intent is applied beyond intentional conduct. See Doctor, 842 F.3d at 311. His fourth argument relies on findings regarding the level of force in various state statutes but does not address the level of force in this statute. See Doc. 14 at 9–10. He explains that common law robbery can involve force that is less than violent force, see id. (citing 3 LaFave, Subst. Crim. L. § 20.3 (2d ed.)), and he cites older authority from other circuits nominally calling Hobbs Act robbery the same as common law robbery, see id. (citing United States v. Nedley, 255 F.2d 350, 357 (3d Cir. 1958)). Defendant has cited no authority stating that Hobbs Act robbery convictions occurred with the minimal force used in state statutes. The Court **FINDS** that there is no realistic probability that Hobbs Act robbery involves less than violent force or less than an intentional mens rea. Therefore, Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A).

    *ii.    Is § 924(c)'s residual clause unconstitutionally vague?*

Defendant also argues that § 924(c)'s residual clause is unconstitutionally vague in light

of the Supreme Court's decision in Johnson. Doc. 14 at 10–15. In Johnson, the Supreme Court held that the Armed Career Criminal Act of 1984's ("ACCA's") residual clause under § 924(e)(2)(B)(ii) was unconstitutionally vague in violation of the Fifth Amendment's Due Process Clause. 135 S. Ct. at 2556–58. The Supreme Court specifically addressed the language of the ACCA's residual clause, which read, "[a] burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at 2555–56 (emphasis in original). The Supreme Court reasoned that the statute's language required an indeterminate wide-ranging inquiry that denied "fair notice to defendants and invites arbitrary enforcement by judges" violating the twin concerns of the Fifth Amendment. Id. at 2557. Defendant seeks to apply the same analysis to § 924(e)'s residual clause. See Doc. 14 at 10–15.

As noted previously, facial challenges are disfavored, and Courts should not "anticipate a question of constitutional law in advance of the necessity of deciding it." Wa. State Grange, 552 U.S. at 450. The Court FINDS that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause, and the Court need not reach the question of whether § 924(c)'s residual clause is unconstitutionally vague.[2]

Accordingly, Defendant's Motion to Dismiss Count II is **DENIED**.

## IV.   CONCLUSION

For the reasons stated herein, Defendant's Motions to Dismiss, Docs. 14, 15, are **DENIED**.

---

[2] Accordingly, the Court also need not reach the Government's argument about whether Defendant can properly raise this argument if the statute is not vague as applied to him.

11

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to Defendant and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 18, 2017

Raymond A. Jackson
United States District Judge

12