# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Newport News Division

**BRIAN GALE,**

**Petitioner,**

v.                                                       **CRIMINAL ACTION NO. 4:17-cr-47**

**UNITED STATES OF AMERICA,**

**Respondent.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Brian Gale's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255, and the Government's Response to Petitioner's Motion ("§ 2255 Motion"). For reasons set forth below, Petitioner's Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 10, 2017, Petitioner was indicted for an incident which occurred on July 3, 2016. ECF No. 1. The two-count indictment alleged that on July 3, 2016, Petitioner robbed Ricco's Pizza using a firearm, which was used, brandished and discharged during the robbery. *Id.* Petitioner was charged with interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"), as well as brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* On July 21, 2017, Petitioner pled guilty with a written Plea Agreement and Statement of Facts. ECF Nos. 26 and 27. On November 27, 2017, this Court accepted Petitioner's guilty plea and sentenced him to 78 months imprisonment on the Hobbs Act robbery count and 120 months imprisonment for discharging a firearm, to be served consecutively with his Hobbs Act robbery sentence. ECF No. 37.

On December 12, 2018, Petitioner's trial counsel filed a defective § 2255 Motion. ECF No. 42. This motion was denied on January 14, 2019 and Petitioner was given 60 days to file a proper § 2255 Motion. ECF No. 48. Petitioner appealed this order to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which was denied on August 8, 2019. ECF No. 62. Petitioner filed the present § 2255 Motion on February 4, 2019. ECF No. 50. The present motion was stayed on March 14, 2019 pending the Supreme Court's decision in *United States v. Davis*. ECF No. 57. The stay was lifted on July 29, 2019 and the Government was given until August 12, 2019 to file its response to the instant § 2255 Motion. ECF No. 59. The Government filed its response on August 1, 2019. ECF No. 60. On August 26, 2019, this Court granted Petitioner's motion for an extension of time to file a reply to the Government's response. ECF No. 64. On September 4, 2019, Petitioner filed his reply to the Government's response. ECF No. 65.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### B. Crime of Violence Under 18 U.S.C. § 924(c)(1)

Section 924(c)(1)(A) provides that a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime (here, Hobbs Act robbery) *and* the additional, distinct crime of utilizing a firearm in connection with a "crime of violence." Utilizing a firearm in connection with a crime of violence is punishable by at least five consecutive years of imprisonment, with seven years of imprisonment for brandishing the firearm and ten years of imprisonment if the firearm is discharged. 18 U.S.C. § 924(c)(1)(A).

Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause."

The "residual clause" of § 924(c)(3)(B) has been held unconstitutionally vague by the U.S. Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] Additionally, § 924(c)(3)(B) has been found unconstitutionally vague by the Fourth Circuit when used with conspiracy to commit Hobbs Act robbery as the underlying offense. *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). Therefore, sentences for the distinct firearm offenses found in § 924(c)(1)(A) may only be applied through the "force clause," which allows for an enhanced term of consecutive imprisonment if the underlying offense has as an element that contains the use, attempted use, or threatened use of physical force.

The Fourth Circuit has confronted the question of whether Hobbs Act robbery may serve as a predicate offense for the additional firearm offense found in the "force clause" of 18 U.S.C. § 924(c)(3)(A) in *United States v. Mathis*, No. 16-4633 (4th Cir. 2019). In *Mathis*, the Fourth Circuit held that Hobbs Act robbery under 18 U.S.C. § 1951(a) cannot be accomplished without an element that includes the use, attempted use, or threatened use of physical force against the person or property of another. Therefore, Hobbs Act robbery qualifies as a predicate offense for the additional firearm offense in § 924(c)(1)(A) because its elements satisfy the "force clause" found in § 924(c)(3)(A).

---

[1] *See also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding a similar residual clause defining crimes of violence in 18 U.S.C. § 16(b) to be unconstitutionally vague), *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding another residual clause defining crimes of violence in 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague).

## III. DISCUSSION

In the instant matter, Petitioner relies on the Supreme Court's holding in *Sessions v. Dimaya*[2] to support the proposition that because some robbery offenses cannot qualify as an offense of violence under an unconstitutionally vague residual clause, his Hobbs Act robbery conviction does not qualify as an offense of violence under the "force clause" found in § 924(c)(3)(A). ECF No. 89 at 4. For the following reasons, Petitioner's contention is without merit.

The Supreme Court's jurisprudence that includes *Johnson v. United States*, *Dimaya*, and *United States v. Davis* strikes down residual clauses which force a judicial evaluation of the relative risk of injury to another, either in an ordinary case of the underlying offense, or based on the facts of the specific case of the underlying offense.[3] Additionally, *United States v. Simms* disallows application of the § 924(c)(3)(B) residual clause where conspiracy to commit Hobbs Act robbery acts as the underlying offense.[4]

However, none of the aforementioned cases invalidate the categorization of an underlying offense through the use of a "force clause." Force clauses, including the one contained within § 924(c)(3)(A), specifically require the underlying offense to contain an element that includes the use, attempted use, or threatened use of physical force. If the underlying offense requires the use, attempted use, or threatened use of physical force, it is an offense of violence based on its elements. In the instant case, the Petitioner's underlying conviction is for Hobbs Act robbery,

---

[2] 138 S. Ct. 1204 (2018).
[3] *See United States v. Davis*, 139 S. Ct. 2319 (2019) (holding the residual clause of 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague, even using a judicial estimation of the degree of risk posed by the underlying crime in the specific case); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clauses of 18 U.S.C. § 16(b) and 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague, as each statute required a judicial estimation of the degree of risk posed by the underlying crime's ordinary case).
[4] 914 F.3d 229 (4th Cir. 2019).

rather than conspiracy to commit Hobbs Act robbery. The elements of Hobbs Act robbery cannot be satisfied without threatened force, violence, or fear of injury. *United States v. Mathis*, No. 16-4633, at 36. (4th Cir. 2019). The Fourth Circuit has concluded that these elements necessarily require the threat to use physical force, which satisfies the standard for an offense of violence under § 924(c)(3)(A). *Id.*

In short, Petitioner's claim fails because the legal precedents invalidating residual clauses do not apply to his sentence, which was lengthened by an additional force clause conviction for brandishing and discharging a firearm during a Hobbs Act robbery. Additionally, Hobbs Act robbery has been categorized as an offense of violence by the Fourth Circuit. Therefore, the additional conviction for discharging a firearm in 18 U.S.C. § 924(c)(1)(A) was properly applied and Petitioner's claim is without merit.

## IV. CONCLUSION

For the reasons above, Petitioner's Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 16, 2019

/s/
Raymond A. Jackson
United States District Judge