

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BRIAN GALE,

    Petitioner,

v.                                   CRIMINAL ACTION NO. 4:17-CR47

UNITED STATES OF AMERICA,

    Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Brian Gale's ("Petitioner") Motion for Compassionate Release. ECF Nos. 76, 80. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 21, 2017, Petitioner pled guilty to a two-count criminal indictment, charging Petitioner with interference with commerce by robbery (Count 1), in violation of 18 U.S.C. § 1951, and discharging a firearm in furtherance of a crime of violence (Count 2), in violation of 18 U.S.C. § 924(c). Both charges relate to Petitioner's involvement in an armed robbery of a Ricco's Pizza on July 3, 2016 in Hampton, Virginia.

On November 27, 2017, Petitioner was sentenced to 78-months imprisonment on Count 1 and 120-months imprisonment for Count 2. ECF No. 37. Each count was to be served consecutively for a total of 198 months imprisonment. *Id.* ECF No. 37.

On January 7, 2021, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 76. The Court then ordered appropriate responses on January 15, 2021. ECF No. 77. Petitioner supplemented his Motion on February 12, 2021. ECF No. 80. The Government responded in opposition on March 8, 2021. ECF No. 85.

1

Petitioner filed a reply on March 19, 2021. ECF No. 93. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the

limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 981 F.3d 271 (4th Cir. 2020).

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

On July 9, 2020, Petitioner submitted a request for "Home Confinement" to the Warden of his correctional facility based upon Petitioner's comorbidities making him vulnerable to severe illness from COVID-19. ECF No. 76-1. Petitioner was denied relief on July 24, 2021 but appealed to the Regional Director on August 28, 2020. *Id.* Petitioner's appeal was subsequently denied on

September 14, 2020. *Id.* Accordingly, Petitioner has met the exhaustion requirements under § 3582(c)(1)(A).[1]

**B. Resolution of Petitioner's Request for Compassionate Release**

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct involved life-threatening unlawful activity. Petitioner entered Ricco's Pizza through an employee entrance while disguising himself with a mask and carrying a loaded gun. ECF No. 78 at 5-7. During the robbery, Petitioner twice fired his weapon into the primary customer counter. *Id.* Patrons of the store could have been injured or killed in light of Petitioner's conduct. *Id.* Petitioner ended up stealing $1400 from the Ricco's Pizza and permanently damaged the primary countertop. *Id.* Moreover, Petitioner has a Criminal History Category of VI and at the time of this offense, Petitioner was on supervised release imposed by Hampton Circuit Court for a possession of cocaine conviction. *Id.* at 16-20. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense...and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

To date, Petitioner has served approximately four years and four months—roughly 30%—of his 198-month sentence. ECF No. 85 at 5. The Court recognizes that Petitioner has taken several education courses and maintains community support from various individuals who believe Petitioner is a changed man. ECF No. 80 at 15-16. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

---

[1] Despite Petitioner having met these requirements, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Accordingly, even if Petitioner's request for "Home Confinement" did not meet the standard for a § 3582(c)(1)(A) request for compassionate release, this requirement is hereby waived.

4

*2. Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for release based upon the COVID-19 pandemic has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). In this case, Petitioner is presently incarcerated at USP Terre Haute which houses approximately 1,187 inmates. ECF No. 85 at 14. At this time, USP Terre Haute oversees 661 inmates who were previously diagnosed with COVID-19. *See COVID19 Inmate Test Information*, BOP, https://www.bop.gov/coronavirus/. As the BOP continues to distribute its allotment of COVID-19 vaccines, USP Terre Haute has fully vaccinated a large portion of its inmates, including Petitioner. *COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus/; ECF No. 85 at 14-15. Moreover, USP Terre Haute has no positive COVID-19 diagnoses at this time. *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/.

Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner proffers his weight, hypertension, and chronic kidney disease as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 80. The CDC does indicate that being obese (BMI > 30 but < 40), having chronic kidney disease, or having hypertension "can make you more likely to get severely ill from COVID-19."[2] Despite Petitioner's

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Apr. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

5

ailments, the Court is unable to conclude that Petitioner presents an extraordinary and compelling reason to warrant release from prison.

The Court has examined Petitioner's medical records and notes that Petitioner has stage 3 chronic kidney disease, he has chronic lower back pain, hyperlipidemia, uncontrolled hypertension, chronic depression and anxiety, and several additional ailments. ECF No. 90. The Court also recognizes, however, that Petitioner has been fully vaccinated. ECF Nos. 85 and 93. The CDC advises that upon vaccination, "[y]ou can gather indoors with fully vaccinated people without wearing a mask or staying 6 feet apart," and "[y]ou can gather indoors with unvaccinated people of any age from one other household… without masks or staying 6 feet apart."[3] Moreover, "COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death." *Id.* With this information from the CDC and knowing that Petitioner is fully vaccinated and in an environment in which many of the inmates within his facility are also vaccinated (and continuing to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration.

While the world continues to grapple with the pandemic, it is imperative to acknowledge that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. With the added protection of a COVID-19 vaccine, vaccinated inmates with various comorbidities are now better positioned against a COVID-19 diagnosis than the inmates who were released prior to widespread accessibility to a COVID-19 vaccine. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis, especially those that are fully

---

[3] *When You've Been Fully Vaccinated*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Apr. 27, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html.

vaccinated. Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
May 11, 2021

_____
UNITED STATES DISTRICT JUDGE